UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH GIRARD, individually and as
Administrator of the Estate of Michael Girard,
Deceased,

                Plaintiff,

v.                                        **DECISION AND ORDER**

                                                19-CV-673S

TIMOTHY B. HOWARD,
COUNTY OF ERIE, ERIE COUNTY
SHERIFF'S DEPARTMENT, ERIE COUNTY
SHERIFF'S OFFICE, JOHN DOES, Erie
County Sheriff's Deputies,

                Defendants.

---

## I.     Introduction

This is a removed (Docket No. 1, Notice of Removal) civil rights action arising from the suicide of Michael Girard (Plaintiff's son, hereinafter "Michael") while in the custody of Defendants (Erie County Sheriff Timothy Howard, Erie County Sheriff's Department, Erie County Sheriff's Office, Erie County, and John Doe Deputies, Docket No. 1, Notice of Removal; id., Ex. A, Compl. ¶¶ 7, 6, 5, 8). Plaintiff Joseph Girard ("Plaintiff") is the administrator of the estate of Michael Girard (id., Ex. A Compl. ¶ 2).

Before this Court is Defendants' Motion (Docket No. 2) to Dismiss, contending that Plaintiff attempts to sue entities (the Sheriff's Department and the Sheriff's Office) that cannot be sued, that Plaintiff cannot sue the John Doe Deputies in their individual capacities without alleging their personal involvement in Michael Girard's death. Defendants also argue they cannot be sued for punitive damages (id.).

For the reasons that follow, Defendants' Motion to Dismiss (id.) is granted in part, denied in part. Dismissal of claims against the Sheriff's Department and Sheriff's Office is granted, as are Plaintiff's claims for punitive damages against Erie County and individual Defendants in their official capacities. Since the Complaint also fails to allege the individual Defendants' personal involvement (including Sheriff Howard) to state claims against them in their personal capacities, Defendants' Motion to Dismiss is granted. Plaintiff, however, has alleged the official capacity involvement of Sheriff Howard in the Second Cause of Action; Defendants' Motion is denied on this ground. With other claims that are not contested, Defendants' Motion for a global dismissal of the Complaint is denied.

## II. Background

Michael Girard was an inmate in the Erie County Holding Center ("ECHC") from May 21-25, 2018 (Docket No. 1, Ex. A, Compl. ¶ 14). On May 25, 2018, while under the care, custody, control, and supervision of Defendants, Michael committed suicide (id. ¶ 15).

The First Cause of Action alleges that Defendants were negligent leading to Michael's suicide (id. ¶ 16). Included in this negligence was

- failure to identify Michael's suicide risk,
- failure to place him on suicide watch,
- failure to comply with New York State and federal regulations and a Stipulated Settlement Agreement entered to prevent suicides,
- failure to receive and safely keep Michael,
- failure to properly supervise and monitor him while incarcerated,
- failure to train and/or supervise properly Sheriff's deputies and other Sheriff's Department employees,
- negligent hiring, training, and retention of deputies and staff,
- failure to take steps to prevent Michael from self-harm,
- failure to screen Michael for health or mental health problems,
- failure to enact adequate policies to prevent the death of inmates,

2

- failure to enact adequate policies to assess, evaluate, supervise, monitor and/or treat inmates with medical or mental health issues,
- failure to modify Michael's person and quarters to prevent suicide,
- failure to place him in a detoxification unit while incarcerated,
- failure to protect him from a reasonably foreseeable injury, including suicide, and
- failure to comply with generally recognized industry standards

(id.). The Complaint does not specify the Stipulated Settlement Agreement (cf. Docket No. 10, Pl. Ex. A (corrected); United States v. Erie County, No. 09CV849S, Docket No. 89, Stipulated Settlement Agreement and Order Concerning Suicide Prevention and Related Health Issues). The Complaint also does not specify which Defendant failed to perform the above acts leading to the suicide. As a result of this negligence, Michael allegedly suffered conscious pain and suffering prior to his death, mental anguish, fear of impending death, death, while his distributees suffered pecuniary loss (Docket No. 1, Ex. A, Compl. ¶ 17).

The Second Cause of Action alleges violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, New York State Constitution, New York Penal Law, New York Corrections Law, and state common law for deprivation of Michael's rights (id. ¶¶ 19-21).

Plaintiff seeks compensatory damages for Michael's conscious pain and suffering and wrongful death as well as punitive damages (id., Wherefore Cl. at 7-8).

Defendants then removed this action (Docket No. 1) and moved to dismiss (Docket No. 2). Responses to Defendants' Motion to Dismiss[1] initially were due by June 13, 2019,

---

[1] In support of their Motion, Defendants submitted their Memorandum of Law, Docket No. 2. After moving for extension of time to respond, Docket No. 6; see Docket No. 7, Order granting motion for extension, Plaintiff responded with his attorney's Declaration with exhibits and Memorandum of Law, Docket Nos. 8, 10 (correction of Exhibit A). Defendants replied with defense counsel's Reply Declaration and Reply Memorandum of Law, Docket No. 9.

with reply by June 20, 2019 (Docket No. 3). Following grant of Plaintiff's extension request (Docket No. 7; see Docket No. 6), responses then were due by June 28, 2019, and reply by July 9, 2019 (Docket No. 7).

After timely responses and replies noted above (see note 1), Defendants' Motion was deemed submitted without oral argument.

### III.   Discussion

A. Applicable Standards

1. Motion to Dismiss

Defendants have moved to dismiss on the grounds that the Complaint fails to state a claim for which relief can be granted (Docket No. 17). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Supreme Court later held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

> face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . .  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion addresses to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  This Court also may consider matters of which judicial notice may be taken, Brass v. American Film Techs., 987 F.2d 142, 150 (2d Cir. 1993); Calcutti v. SBU, Inc., 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003), under Federal Rule of Evidence 201, Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); Calcutti, supra, 273 F. Supp. 2d at 498.  The Second Circuit once held that "[f]acts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b):  they are not usually common knowledge, nor are they derived from an unimpeachable source." International Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir.1998); Calcutti, supra, 273 F. Supp. 2d at 498.  In Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp., No. 97 Civ. 5499, 2000 WL 264295, at *13 (S.D.N.Y. Mar. 9, 2000), the district court held that it could not take judicial notice of a Stipulation and Order entered in a prior case because doing so would violate Rule 201(b).  The court could take judicial notice only of the existence of the prior litigation and of the filing, not for the truth of the filed Stipulation in the other case, id.; Calcutti, supra, 273 F. Supp. 2d at 499.

Other materials referenced in a motion to dismiss are extrinsic and could lead to conversion of the 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment or their exclusion, Calcutti, supra, 273 F. Supp. 2d at 498.  "'[W]hen matters outside of the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material,'" Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Board of Managers of Continental Towers Condominium, 848 F.2d 24, 25 (2d Cir. 1988)).  If, as here, materials outside the pleadings are presented in opposition to a Rule 12(b) motion, and are not excluded by the Court, "the motion must be treated as one for summary judgment under Rule 56.  All parties must be given reasonable opportunity to present all material that is pertinent to the motion," Fed. R. Civ. P. 12(d).  Courts enjoy "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it," 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004).  Courts often convert the Motion to Dismiss when the proffered material "is likely to facilitate the disposition of the action," id. at 165.

In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual

6

averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

        2. Capacity to be Sue and Personal Involvement

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. As this Court once noted,

> "This section imposes civil liability upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983. Section 1983 does not itself provide a source of substantive rights, but instead provides the mechanism by which a plaintiff may seek vindication of federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)."

Johnson-Schmitt v. Robinson, 990 F. Supp. 2d 331, 339-40 (W.D.N.Y. 2013) (Skretny, C.J.).

Defendants argue that the Erie County Sheriff's Department and Sheriff's Office are administrative units of Erie County and not separate legal entities (Docket No. 2, Defs. Memo. at third to fourth unnumbered pages[2]). This Court has held that the Sheriff's Department is not a separate entity capable of being sued, id. at 340 n.2; see Loria v. Town of Irondequoit, 775 F. Supp. 599, 606 (W.D.N.Y. 1990) (Telesca, C.J.) (police department as mere administrative arm of municipal corporation under New York law) (id. at fourth unnumbered page).

For liability under 42 U.S.C. § 1983, personal involvement of Defendants "in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); Moffitt v. Town of Brookfield,

---

    [2]Contrast this Court's Local Civil Rule 10(a)(5) requiring pages to be consecutively numbered.

950 F.2d 880, 886 (2d Cir. 1991); see Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir. 1989) (Docket No. 2, Defs. Memo. at fifth unnumbered page).  That involvement can be established by one of four ways,

> "(1) direct participation; (2) learning of the deprivation but failing to remedy the wrong; (3) creating a policy or custom under which the deprivation occurred, or allowing such a policy or custom to continue; or (4) gross negligence in managing subordinates who caused the deprivation." McCloud v. Prack, 55 F. Supp. 3d 478, 484 (W.D.N.Y.2014) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir.1986))."

Aguirre v. Kendra, 123 F. Supp. 3d 419, 423 (W.D.N.Y. 2014) (Larimer, J.).

### 3.  Punitive Damages

Punitive damages are not available against municipalities, City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); see Dill v. Village of Gowanda, 952 F. Supp. 989, 997 (W.D.N.Y. 1997) (Skretny, J., adopting Report and Recommendation of Heckman, Mag. J.).  These damages are not appropriate for municipal employees acting in their official capacity, New Windsor Volunteer Ambulance Corps., Inc. v. Meyers, 442 F.3d 101, 122 (2d Cir. 2006); Ivani Contracting Corp. v. City of N.Y., 103 F.3d 257, 262 (2d Cir.), cert. denied, 520 U.S. 1211, 117 S.Ct. 1695, 137 L.Ed.2d 821 (1997) (Docket No. 9, Defs. Reply Memo. at seventh unnumbered page); see Brandon v. Holt, 469 U.S. 464, 471-73, 1015 S.Ct. 873, 83 L.Ed.2d 878 (1985) (suits against government officials in their official capacity are treated as suits against the municipality itself).

Punitive damages, however, are available against municipal officials named in their individual capacities, Smith v. Wade, 461 U.S. 30, 55-56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); New Windsor Vol. Amb., supra, 442 F.3d at 122.

For such damages at this stage of the proceedings, Plaintiff needs to allege evil motive or intent, callous indifference to justify punitive damages, Smith v. Wade, supra, 461 U.S. at 56.

### 4. Supplemental Jurisdiction

Subject matter jurisdiction over the state law claims (such as the First Cause of Action) may be raised by the parties or by this Court sua sponte, Lyndonville Sav. Bank & Trust v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); LaChapelle v. Torres, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014). This Court must examine its jurisdiction at any point in the proceeding, Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (the district court has "to consider throughout the litigation whether to exercise its jurisdiction over the case"); see 14C Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, and Mary Kay Kane, Federal Practice and Procedure § 3722, at 115 (Jurisd. rev. 4th ed. 2018). This Court, in its discretion under 28 U.S.C. § 1367(c), may decline to hear supplemental state law claims, 14C Federal Practice and Procedure, supra, § 3722, at 122.

Original federal jurisdiction here arises from Plaintiff's Second Cause of Action under 42 U.S.C. § 1983 (among other sources). The First Cause of Action under New York common law shares the same nucleus of operative facts as the Second Cause of Action alleging federal civil rights claims. Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims, see Klein v. London Star Ltd., 26 F. Supp. 2d 689, 692 (S.D.N.Y. 1998). Under § 1367(c), this Court may still decline to exercise supplemental jurisdiction if the state law claims predominate over the original jurisdiction claims or, "in exceptional circumstances, there are other compelling

9

reasons for declining jurisdiction," 28 U.S.C. § 1367(c)(2), (4); see Klein, supra, 26 F. Supp. 2d at 692.

### B. Defendants' Motion to Dismiss

#### 1. Claims Not at Issue in Motion

Defendants seek dismissal of the Complaint in their Motion to Dismiss (Docket No. 2) but, if all relief were granted, the result would only be a partial dismissal. If all relief were granted, Plaintiff still alleges claims for compensatory damage against Defendant Erie County or the individual Defendants in their official capacities for both causes of action. This Motion (if granted) would winnow, but does not conclude, this case. Thus, so much of Defendants' Motion to Dismiss (Docket No. 2) seeking dismissal of the entire Complaint is denied.

Next, Plaintiff only opposes Defendants' Motion "insofar as the motion seeks dismissal of the second cause of action against Sheriff Timothy Howard in his personal capacity and dismissal of the demand for punitive damages against the County, Howard and Does in their official capacity" (Docket No. 8, Pl. Atty. Decl. ¶ 9). Thus, he did not oppose dismissal of Defendants Erie County Sheriff's Department and Erie County Sheriff's Office as parties. These Defendants, as administrative units of Defendant Erie County, lack the ability to be sued, Johnson-Schmitt, supra, 990 F. Supp. 2d at 340 n.2. Therefore, Defendants' Motion to Dismiss (Docket No. 2) those parties is granted.

Plaintiff also did not oppose dismissal of claims against the John Doe deputies in their personal capacities. Instead, Plaintiff pursues claims against these deputies (and Sheriff Howard) in their official capacities. Absent allegation of the personal involvement

of any John Doe deputy, Defendants' Motion to Dismiss (Docket No. 2) the personal capacity claims against the John Doe defendants is granted.

While Plaintiff objects to dismissal of his punitive damages claim against Erie County (Docket No. 8, Pl. Atty. Decl. ¶ 9), Plaintiff later concedes (cf. Docket No. 8, Pl. Memo. at 8 ("other than the County of Erie, all remaining defendants, in their official capacities, may be liable for punitive damages")) that he cannot seek punitive damages from Erie County, Fact Concerts, supra, 453 U.S. at 271; therefore so much of Defendants' Motion to Dismiss (Docket No. 2) punitive damages against Erie County is granted.

What remains at issue are the following portions of Plaintiff's claims: Sheriff Howard's personal involvement (for claims against him in his personal capacity and for punitive damages) and whether Plaintiff alleged punitive damages against the other individual Defendants (in their official capacity).

2. Parties' Contentions

As for the issues in dispute, Defendants argue that the Complaint fails to allege the personal involvement of the John Doe deputies (Docket No. 2, Defs. Memo. at fourth to sixth unnumbered pages). Without that personal involvement, Defendants conclude Plaintiff cannot recover punitive damages from them in their personal capacities. For the Second Cause of Action, Defendants point out that Plaintiff again fails to allege Sheriff Howard's personal involvement to state a personal capacity claim (Docket No. 9, Defs. Reply Memo. at third through sixth unnumbered pages).

On suing Defendants in their official capacity (including Defendant Sheriff Howard), they contend that Plaintiff cannot recover for punitive damages in that capacity because

that is the equivalent of seeking punitive damages from Erie County (Docket No. 9, Defs. Reply Memo. at seventh unnumbered page).  Defendants then assert Plaintiff has not alleged spite, wantonness, or malice for a claim of punitive damages (Docket No. 2, Defs. Memo. at sixth through seventh unnumbered pages; Docket No. 9, Defs. Reply Memo. at sixth through seventh unnumbered pages).

Plaintiff relies upon the 2009 investigation and findings letter of the Department of Justice regarding jail conditions in ECHC, attaching in the response (but not the Complaint) for this Court's consideration the Justice Department's findings letter (Docket No. 8, Pl. Atty. Decl. ¶ 15, Ex. B) and the Stipulation and Order adopted by this Court in United States v. Erie County, No. 09CV849, Docket No. 89 (Docket No. 10, Pl. Ex. A; Docket No. 8, Pl. Memo. at 4-6; Docket No. 8, Pl. Atty. Decl. ¶¶ 10-14, 15), to support his allegations of the Sheriff's personal involvement.

Defendants initially object because these documents were not incorporated into the Complaint, attached thereto, or relied upon in the drafting of that pleading (Docket No. 9, Defs. Reply Memo. at fourth unnumbered page).  Next, Defendants point out that Sheriff Howard was not a party in United States v. Erie County and was not a signatory to the 2011 Stipulation and Order dismissing that case, No. 09CV849, Docket No. 227 (id.), although he did sign the June 2010 Stipulation (Docket No. 10, Pl. Ex. A at 23) and was copied on the Department of Justice findings letter (Docket No. 8, Pl. Ex. B, at 49). Defendants alternatively argue that, by its terms, the Stipulated Order of Dismissal precludes its use as evidence of liability in any other proceedings (Docket No. 9, Defs. Reply at fifth unnumbered page; Docket No. 8, Pl. Ex. A, at 1, Sec. I[D]), United States v.

Erie County, 09CV849, Docket No. 225, Joint Motion for entry of Stipulated Order of Dismissal, so ordered, Docket No. 227.

        3.    Personal Liability

The parties argue whether Sheriff Howard was personally involved to allege claims in his personal capacity. Plaintiff argues that the Sheriff was personally liable from his knowledge of constitutional violations at the ECHC and his failure to remedy these violations, creating a custom or policy of constitutional violations (Docket No. 8, Pl. Memo. at 3-8). Some of this knowledge allegedly came from the findings letter of the United States Department of Justice in 2009 about conditions in the ECHC that led to entry into a Stipulation and Order in United States v. Erie County, No. 09CV849, Docket No. 89 (Docket No. 10, Pl. Ex. A; Docket No. 8, Pl. Atty. Decl. ¶ 15, Ex. B (Department of Justice findings letter).

        a.    Admissibility of Justice Department Findings Letter and Stipulated Orders in Erie County Case

First, this Court must determine whether the Department of Justice findings letter and the Stipulation and Order in United States v. Erie County can be considered in this Motion to Dismiss. Neither document was incorporated into or attached to the Complaint. Thus, should this Court convert this Motion to Dismiss into one for Summary Judgment (with parties given notice and an opportunity to argue as a motion for summary judgment, Fed. R. Civ. P. 12(d)) or the extrinsic materials disregarded and the Motion considered one to dismiss based solely on the face of the Complaint? If considered in this Motion to Dismiss, these documents were sent to or signed by Sheriff Howard, placing him on notice of certain prison conditions in the ECHC.

Defendants argue that Sheriff Howard was not a party in United States v. Erie County and not a signatory to the stipulated Order of dismissal (Docket No. 9, Defs. Reply Memo. at fourth unnumbered page). Taking judicial notice of the docket in that case, see Fed. R. Evid. 201, that stipulation was the second in that case. The first one dismissed the individual defendants named, including Howard, United States v. Erie County, No. 09CV849, Docket Nos. 223 (Stipulation, as filed by Defendants), 224 (Stipulation, as filed by Plaintiff United States), 226 (text Order of Aug. 26, 2011, adopting Stipulation). As a Stipulation, it was signed by the Erie County Attorney and not by the (represented) individual officials (such as Howard), id. Docket Nos. 223, 224.

These documents are extrinsic to the Complaint in this case. The Complaint makes no reference to the Department of Justice findings letter or the facts of other instances of ECHC inmate self-harm or suicide to have that pleading heavy rely upon these extrinsic matters. The Complaint does cite (among other common law standards) to Defendants' failure to comply with "prior Stipulated Settlement Agreement" (Docket No. 1, Ex. A, Compl. ¶ 16), presumably the Stipulated Order in United States v. Erie County but without explicit reference to that case or document.

The Stipulation and Stipulated Orders in United States v. Erie County are, however, matters of public record filed openly with this Court. Furthermore, as United States v. Erie County is before this very Court, there is a familiarity with proceedings therein. Matters to which this Court may take judicial notice, such as docketed entries in this Court are not deemed matters outside of pleadings for Rule 12(d) conversion, 5C Federal Practice and Procedure, supra, § 1366, at 183-86, 185 n.33 (citing cases). Under Calcutti and the precedent cited by the Southern District of New York, however,

14

this Court only can take judicial notice of the fact of the filing of these Stipulations and Stipulated Order but not their contents or the truth thereof, Calcutti, supra, 273 F. Supp. 2d at 497-99 (citations omitted).

Plaintiff is introducing these Stipulations and Stipulated Orders (assuming these are the ones referenced in the Complaint) for the substance of their terms rather than the mere fact of their existence. Thus, this Court can only acknowledge the filings but not their substance or the conclusions Plaintiff draws that Sheriff Howard was aware of mental health needs and conditions in the ECHC.

The Department of Justice findings letter is more problematic. Unlike the docketed Stipulations and Stipulated Order, Plaintiff does not contend that the Justice Department letter was filed with this Court. This letter raises substantial issues that Defendants dispute, namely whether Sheriff Howard had such notice of inmate self-harm issues that he would become personally responsible when Michael Girard later takes his life in ECHC custody (although the letter was copied to him, Docket No. 8, Pl. Atty. Decl. ¶ 15, Ex. B). Under Calcutti and the cases cited therein this Court cannot take judicial notice of the Justice Department findings letter.

These extrinsic materials also are not likely to facilitate the disposition of this action, 5C Federal Practice and Procedure, supra, § 1369, at 159, because these materials focus on the Sheriff's knowledge or notice of self-harm of ECHC inmates generally. These documents do not refer to Michael Girard (since they predate his confinement). Rather than convert this Motion to Dismiss into a Motion for Summary Judgment under Rule 12(d), this Court excludes these extrinsic materials under that same rule and considers in this Motion to Dismiss only the face of the Complaint.

b.  Sheriff's Personal Involvement

Without these extrinsic documents, the Complaint alleges in the Second Cause of Action that Sheriff Howard (with other Sheriff's officers and officials) acted under color of law, depriving Michael of his constitutional rights and violating state statutory and common law (Docket No. 1, Ex. A, Compl. ¶¶ 19-20).  No specific role was alleged against the Sheriff.  The Complaint elsewhere lists various activities (processing, receiving, supervising, evaluating, monitoring) Sheriff Howard, deputies, and the Sheriff's Department performed under the color of law but without stating what actions or knowledge the Sheriff had about inmate conditions or Michael's condition or circumstances (id. ¶¶ 16, 18 (repeating prior allegations and reasserting in Second Cause of Action)).  The Complaint does not allege Sheriff Howard had any knowledge of Michael Girard's incarceration or his condition.  Plaintiff has not alleged the direct participation of Sheriff Howard and has not claimed that the Sheriff learned of Michael's situation on May 21-25, 2018, and failed to intervene.  The Complaint currently fails to state that Sheriff Howard learned of deprivations to Michael by deputies.

Within the omnibus Paragraph 16 of the Complaint alleging failures of Defendants (including Howard) in the keeping and supervision of Michael, there may be a claim for creation of a policy of inattention to the mental health needs of inmates such as Michael, see Aguirre, supra, 123 F. Supp. 3d at 423.  Creation of a policy or custom is one way to establish personal involvement, particularly for supervisory personnel such as the Sheriff.

Paragraph 16 of the Complaint lists these various failings by Defendants, without specifying which Defendant failed to perform which act or acts.  These allegations are made in an omnibus paragraph that, if originally filed in this Court, would violate

16

Rule 8(a)(2)'s requirement of short and plain statement of the claim showing entitlement to relief, see also CPLR 3014.  This may require a more definitive statement, cf. Fed. R. Civ. P. 12(e), but this does not require dismissal of personal capacity claims against the Sheriff, see 5C Federal Practice and Procedure, supra, § 1378, at 380; see also id. § 1376, at 309 (relationship between Rule 12(b)(6) and Rule 12(e)).

This personal involvement, however, arises from the Sheriff's official duties.  The setting of policy (or the failure to do so, leading to creation of a custom or policy of disregard) occurred in his official capacity.  There is no allegation that the Sheriff ordered disregard of standards or treatment of inmates with mental health issues.  Absent specific allegations against the Sheriff, Plaintiff merely alleges his actions (or inaction) in his official capacity and not in his personal capacity.

The Complaint also fails to allege gross negligence; this is addressed in the substance of the allegations for punitive damages.

Plaintiff thus alleges Sheriff Howard's personal involvement with the tragic death of Michael Girard from the custom or policy of inertia and disregard of standards of care for troubled inmates.  But this involvement was only in the Sheriff's official capacity. Defendants' Motion to Dismiss (Docket No. 2) the Second Cause of Action against Sheriff Howard is granted in part (dismissing personal capacity claims against the Sheriff), denied in part (allowing substance of claims against the Sheriff but in his official capacity only).

    4.   Jurisdiction over State Tort Claims

What remains alleged is the First Cause of Action, for common law negligence and wrongful death against Erie County, Sheriff Howard, and John Doe deputies, for

17

compensatory damages and the Second Cause of Action, for violation of Michael's civil rights (federal and state) against Erie County and the other Defendants in their official capacities. Both causes of action arise from the common nucleus of facts, from Michael's incarceration and suicide. While there are no extraordinary circumstances for declining to exercise supplemental jurisdiction, the First Cause of Action predominates over the Second Cause of Action. Given that portions of the Second Cause of Action remain after this motion, this Court will exercise its discretion and consider the First Cause of Action.

        5.   Punitive Damages

Plaintiff contends that Defendants (save Erie County) sued in their official capacity could be held liable for punitive damages (Docket No. 8, Pl. Memo. at 8-9). But these officials and employees are like the County and, as the County cannot be held liable, Fact Concerts, supra, 453 U.S. at 271, these employees and officials sued in their respective official capacities also cannot be held liable for punitive damages, see, e.g., New Windsor Vol. Amb., supra, 442 F.3d at 122. Defendants' Motion to Dismiss (Docket No. 2) punitive damages relief against Defendants in their official capacities (including Defendant Sheriff Howard) is granted.

As for Plaintiff's claims for punitive relief against Sheriff Howard sued personally, this turns on his personal involvement in the events leading to Michael Girard's suicide. As discussed above, Plaintiff has not alleged Sheriff Howard's personal involvement to make him liable in his personal capacity for any punitive damages. Additionally, Plaintiff fails to allege malice, spite, or wantonness against Michael by any Defendant to lead to imposition of punitive damages. Thus, Defendants' Motion to Dismiss (Docket No. 2) this remaining claim for punitive damages against Sheriff Howard is granted.

## IV. Conclusion

Defendants' Motion to Dismiss (Docket No. 2) seeks only a partial dismissal of Defendants and claims. For the reasons stated above, where uncontested by Plaintiff, so much of that Motion is granted; otherwise, for the portion of the Complaint not contested in this Motion dismissal of the entire Complaint is denied.

Claims against administrative units Erie County Sheriff's Department and Sheriff's Office are dismissed from this case as are claims against Defendants in their personal capacities, including the personal capacity of Defendant Sheriff Timothy Howard. Plaintiff cannot assert punitive damages against Defendant Erie County, as he concedes. The remaining individual Defendants' Motion to Dismiss punitive damages against them in their official capacity also is granted.

Plaintiff did allege Sheriff Howard was personally involved through the custom or policy of inaction to state a claim in the Second Cause of Action against him. But this cause of action is only for compensatory damages.

After this Motion, what remains alleged is the First Cause of Action, for common law negligence and wrongful death against Erie County, Sheriff Howard, and John Doe deputies, for compensatory damages (which this Court will exercise supplemental jurisdiction over); and the Second Cause of Action for violation of Michael Girard's (federal and New York State) constitutional rights, New York State statutory and common law rights against Erie County, Sheriff Howard, and the John Doe deputies.

With these remaining claims against Erie County, Sheriff Howard, and the John Doe deputies, these Defendants shall have twenty-one (21) days to answer the Complaint or move again against it. The case then will proceed to pretrial proceedings (including

identification of the John Doe deputies), with referral to a Magistrate Judge to set a pretrial schedule and administer pretrial proceedings.

## V.     Orders

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 2) is GRANTED IN PART, DENIED IN PART, denying dismissal of the entire Complaint, consistent with this Decision and Order.

FURTHER, the Court Clerk shall enter judgment dismissing claims against Defendants Erie County Sheriff's Department and Erie County Sheriff's Office.

FURTHER, remaining Defendants shall file an Answer or move to dismiss within twenty-one (21) days from entry of this Order.

SO ORDERED.


Dated:     May 3, 2021
           Buffalo, New York


                                                            s/William M. Skretny
                                                            WILLIAM M. SKRETNY
                                                            United States District Judge